IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

DAMARIS QUENTEZ QUINN                                 PLAINTIFF

VS.                                        CIVIL ACTION NO. 3:14CV738-DPJ-FKB

MANAGEMENT AND TRAINING
CORPORATION, et al.                                         DEFENDANTS

## REPORT AND RECOMMENDATION

Plaintiff, a state prisoner housed at East Mississippi Correctional Facility (EMCF), brought this action pursuant to 42 U.S.C. § 1983 alleging numerous constitutional violations by prison officials and by Management Training Corporation (MTC), the entity that manages EMCF under contract with the Mississippi Department of Correction. On March 20, 2015, the undersigned held a *Spears* hearing, where Plaintiff was given the opportunity to explain his claims. Having considered his allegations in light of this testimony, the undersigned recommends that several of his claims be dismissed.

Liberally construed, Plaintiff's complaint raises or mentions claims of excessive force, obstruction of access to the courts, denial of his right to practice his religion,[1] denial of equal protection because of his religion, retaliation, and unconstitutional prison conditions. When questioned about his access to courts claim, Plaintiff stated that he was prevented from filing the present suit for several months. He did not, however, identify any particular defendant who hindered him in this regard. Furthermore, he has failed to state an actual injury, as it is undisputed that he was ultimately able to file the present lawsuit within the applicable limitations period. *See Lewis v. Casey*, 518 U.S. 343, 351

---

[1] Plaintiff testified that he practices the religions of Voodoo and Hoodoo.

(1996) (plaintiff alleging denial of access to the courts must identify an actual injury). Therefore, the undersigned recommends that this claim be dismissed.

Plaintiff's complaint contains numerous references to prison officials' refusal to recognize Voodoo as his religion and to allow him access to written religious materials. He also states that he is treated differently from prisoners of other religions. However, at the hearing, he testified that his claims are not really about the practice of his religion. Rather, he stated that prison officials merely used his religion as an opportunity to retaliate against him for a grievance he filed about an excessive force incident and to try to persuade him to withdraw the grievance. Therefore, the undersigned recommends that any free exercise or equal protection claims be dismissed as abandoned by Plaintiff.

Plaintiff's complaints about the conditions at EMCF are myriad. However, most relate to the way other prisoners are treated. His claims that concern himself are that sometimes the lights and water in his cell do not work and that he has been denied meals for refusing to go to the back of his cell and get on his knees while the trays are being handed out. In order to establish an Eighth Amendment claim based upon prison conditions, an inmate must show that he has been incarcerated under conditions that pose a substantial risk of serious harm to his health or safety and that prison officials knew of the risk and nevertheless disregarded it. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). Plaintiff's allegations fall far short of this standard, and the undersigned recommends that they be dismissed for this reason.

Plaintiff admitted at the hearing that his only reason for naming MTC as a defendant was because it operates the prison. He stated that he named Warden Frank

2

Shaw, Warden R. Rice, and Warden Buscher as defendants because of their supervisory positions and because they condoned and/or covered up the use of force against him. Because the allegations fail to state a claim, the undersigned recommends that these defendants be dismissed.

Plaintiff's reason for naming Chaplain E. Wigelsworth as a defendant was that Wigelsworth initially told Plaintiff that he could not identify Voodoo as his religion on his official prison record.[2] Plaintiff admitted at the hearing that Defendant Wigelsworth's actions were not motivated by a desire to retaliate against him. There being no remaining claim asserted against this defendant, the undersigned recommends that he be dismissed.

The parties are hereby notified that failure to file written objections to the findings and recommendations contained in this report within fourteen (14) days from being served with a copy of this report will bar an aggrieved party, except upon grounds of plain error, from attacking on appeal proposed factual findings and legal conclusions accepted by the district court. 28 U.S.C. § 636; *Douglass v. United Service Automobile Ass'n*, 79 F.3d 1415 (5th Cir. 1996).

Respectfully submitted, this the 4th day of May, 2015.

/s/ F. Keith Ball<br>UNITED STATES MAGISTRATE JUDGE

---

[2] Plaintiff states in his complaint that as a result of this refusal, he was forced to identify himself as Roman Catholic, apparently because he believed this was the next closest religion. At the hearing, Plaintiff indicated that prison officials have reversed their position and now allow his record to show that his religion is Voodoo.