UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

DAMARIS QUENTEZ QUINN                                                    PLAINTIFF

v.                                                        CIVIL ACTION NO. 3:14cv738-DPJ-FKB

MANAGEMENT AND TRAINING                                              DEFENDANTS
CORPORATION, et al.

ORDER

This *pro se* prisoner case is before the Court on Plaintiff Damaris Quentez Quinn's late-

filed Objections [26] to the Report and Recommendation [24] of Judge F. Keith Ball.  Having

reviewed Quinn's submission, as well as the transcript from the *Spears* hearing conducted by

Judge Ball, the Court grants in part, but otherwise denies, Quinn's Objections for the reasons that

follow.

I.        Procedural History

Judge Ball entered his Report and Recommendation on May 4, 2015.  Quinn failed to file

a timely response, and the Court adopted Judge Ball's undisputed recommendation in a May 27,

2015 Order [25].  The next day, May 28, 2015, the Court received Quinn's Objections, which the

Court will liberally construe as a motion for relief under Federal Rule of Civil Procedure 60(b)(6)

since no final judgment was entered.

After filing his Motion for Relief [26]    but before this Court could rule    Quinn filed a

Notice of Appeal [27] to the Fifth Circuit Court of Appeals.  Under Federal Rule of Appellate

Procedure 4(a)(4)(A), if a party files a motion under Rule 60 within 28 days of an order, "the

time to file an appeal runs for all parties from the entry of the order disposing of the last such

remaining motion." Thus, it is appropriate for the Court to rule on Quinn's motion for relief, even in light of his notice of appeal. *See* Fed. R. App. P. 4(a)(4)(B)(i).[1]

II.     Claims

    A.     Access to Courts

Quinn asserts that Judge Ball's recommendation of dismissal of the access-to-courts claim was inappropriate because he "did suffer an actual injury in that . . . defendants . . . gained a significant advantage in case [sic]." Mot. [26] at 2. He does not specify what significant advantage Defendants gained, and, as Judge Ball pointed out, Quinn was able to file the present lawsuit within the applicable limitations period. So any delay in the filing of this lawsuit did not result in an actual, demonstrable injury.

Quinn also says that his access-to-courts claim "pertained to a State Court Civil Action which was actually dismissed for Failure to Prosecute." *Id.* But Quinn never mentioned that aspect of the claim at the *Spears* hearing, instead confirming that his access-to-courts claim was based on his attempts "to file this lawsuit for several months [during which he was] prevented from doing it." Tr. at 12. It is well settled that the allegations advanced at a *Spears* hearing supersede the allegations of the prisoner's previous filings. *See Flores v. Livingston*, 405 F. App'x 931, 931 32 (5th Cir. 2010) (per curiam) (citing *Riley v. Collins*, 828 F.2d 306, 307 (5th Cir. 1987) (per curiam)). Quinn's failure to raise the state-court action at the *Spears* hearing

---

[1] The same would be true if the Court construed the motion as one under Rule 59. *See* Fed. R. App. P. 4(a)(4)(A)(iv); *see also Kyles v. Garrett*, 125 F. App'x 571, 572 (5th Cir. 2005) (per curiam) (holding that the notice of appeal is ineffective until the district court has ruled on the Rule 59(e) motion).

means those allegations "were not properly before the magistrate judge." *Id.* The motion for relief on this basis not presented to Judge Ball is denied.

B.    Free Exercise/Equal Protection

Quinn takes issue with Judge Ball's statement "that plaintiff testified that [his] claims are not about the practice of his religion." Mot. [26] at 3. Judge Ball correctly characterized Quinn's testimony: he testified that he believed correctional-facility personnel interfered with his ability to access religious materials "to try to get me to drop the ARP. I don't think they just really cared too much about the religion thing." Tr. at 13. But upon review of Quinn's motion for relief, the Court finds that dismissal of Quinn's free-exercise claim on this basis was erroneous. It is well settled that "[e]ven in prison, the right to practice one's religious beliefs is constitutionally protected." *Al-Ra'id v. Ingle*, 69 F.3d 28, 33 (5th Cir. 1995). And prison officials may not "arbitrarily deny" prisoners access to religious materials. *Walker v. Blackwell*, 411 F.2d 23, 29 (5th Cir. 1969). Defendants will need to better address why the intent behind the alleged deprivation is determinative. In any event, this portion of the free-exercise/equal-protection claim will be reinstated for now.

Quinn also complains that officers would not let him claim Voodoo as his religion on prison paperwork. "The 'free exercise of religion means, first and foremost, the right to believe and profess whatever religious doctrine one desires.'" *Cornerstone Christian Sch. v. Univ. Interscholastic League*, 563 F.3d 127, 135 (5th Cir. 2009) (quoting *Emp't Div., Dep't of Human Res. of Ore. v. Smith*, 494 U.S. 872, 877 (1990)). To the extent that Quinn's free-exercise/equal-protection claim is based on his allegation that prison officials, specifically Chaplain Wigelsworth, "wouldn't allow [him] to even list [Voodoo] as [his] religion," Tr. at 14, Quinn

3

appears to allege that his right to profess his religion may have been interfered with.  The motion

is also granted as to this claim, which is reinstated as to Wigelsworth.

C.      Conditions of Confinement

Quinn says that he "has provided evidence that he was subjected to unclean, unsafe and

unconstitutional prison conditions and that some of these conditions were imposed upon him as a

form of intimidation and retaliation."  Mot. [26] at 6.  But he did not detail any of these

allegations at the *Spears* hearing.  The motion for relief is denied as to the conditions-of-

confinement claim.

D.      Claims against Various Dismissed Defendants

1.      MTC and Wardens Shaw, Rice, and Buscher

Quinn explains that he has sued MTC "for acting in bad faith with a knowing

acquiescence in giving free reign to lower level agents to subject plaintiff to systematic guard

brutality by the specific act of excessive force."  Mot. [26] at 10.  In the *Spears* hearing, he

explained that he sued MTC because "[t]hey [are] the ones that contract the facility that I'm at,

East Mississippi Correctional Facility.  They contract that with Mississippi Department of

Corrections."  Tr. at 8.  The Court agrees with Judge Ball that, as described by Quinn, the claim

appears to be one for vicarious liability, which is not a viable theory under § 1983.  *See*

*Carpenter v. Mgmt. & Training Corp.*, No. 3:13cv285-M-A, 2014 WL 4955693, at *3 (N.D.

Miss. Oct. 2, 2014).  Dismissal of MTC was proper.

Judge Ball also correctly characterized Quinn's claims against Wardens Shaw, Rice, and

Buscher as being "because of their supervisory positions and because they condoned and/or

covered up the use of force against [Quinn]."  Report & Recommendation [24] at 3; *see* Tr. at

17  18.  Specifically, Quinn testified that the wardens "knew about the brutality that was going on on Housing Unit 5 and they didn't do nothing to stop it, because if they had, maybe what happened to [Quinn] wouldn't have happened in the first place because this was something that was already going on in Unit 5."  Tr. at 17.

The Court concludes that Quinn's allegations state a claim for supervisory liability at this stage.  Under § 1983, "'[i]n order to establish supervisor liability for constitutional violations committed by subordinate employees, plaintiffs must show that the supervisor act[ed], or fail[ed] to act, with *deliberate indifference* to violations of others' constitutional rights committed by their subordinates.'"  *Porter v. Epps*, 659 F.3d 440, 446 (5th Cir. 2011) (alterations in original).  "'A pattern of similar constitutional violations . . . is ordinarily necessary to demonstrate deliberate indifference . . . .'"  *Id.* at 447.  While deliberate indifference "is a stringent standard of fault," *id.* at 446, Quinn's allegations that the Wardens knew of a pattern of brutality similar to the conduct that forms the basis of his excessive-force claim but failed to act are sufficient at this point.  The motion for relief is granted as to the claims against Wardens Shaw, Rice, and Buscher.

### 2.      Chaplain Wigelsworth

As stated above, the motion is granted as to the free-exercise/equal-protection claim against Wigelsworth, which is reinstated.

## III.   Conclusion

The Court has considered all of Quinn's arguments.  Those not specifically addressed would not have changed the outcome.  For the foregoing reasons, the Court construes the Objections [26] as a motion for relief.  That motion is granted as to the free-exercise/equal-

protection claim as well as the supervisory-liability claims against Wardens Shaw, Rice, and Buscher.  Those claims, as well as the claim against Chaplain Wigelsworth, are reinstated.  The motion is otherwise denied.

**SO ORDERED AND ADJUDGED** this the 4th day of August, 2015.

s/ *Daniel P. Jordan III*
UNITED STATES DISTRICT JUDGE