IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

DAMARIS QUENTEZ QUINN                                                                  PLAINTIFF

VS.                                                         CIVIL ACTION NO. 3:14cv738-DPJ-FKB

MANAGEMENT AND TRAINING
CORPORATION, et al.                                                                   DEFENDANTS

## REPORT AND RECOMMENDATION

### I. Introduction

Plaintiff is a former state prisoner who during the relevant time period was housed at East Mississippi Correctional Facility (EMCF).  He filed this action pursuant to 42 U.S.C. § 1983 alleging numerous constitutional violations by prison officials.   Initially, based upon the report and recommendation of the undersigned, the Court dismissed all claims against Defendants Management and Training Corporation, Warden Frank Shaw, Warden R. Rice, Warden Buscher, and Chaplain E. Wigelsworth, leaving only Plaintiff's claim against Defendant Tyeasa Evans.[1]  Subsequently, the Court reinstated Plaintiff's claims of supervisory liability against Defendants Shaw, Rice, and Buscher in connection with an alleged use of excessive force and his free exercise/equal protection claim against Defendant Wigelsworth.  Presently before the Court are the motions of Defendants Tyeasa Evans and Chaplain E. Wigelsworth [33] and Defendants Shaw, Rice, and Buscher [37] for summary judgment.  Plaintiff has not responded to the motions.  Having considered the motions and the competent evidence of record, the undersigned

---

[1]Defendants Major Derrick Smith, Warden F. Ovalle, Captain Frank Young, and Officer Grace have never been served with process.

recommends that the motions be granted and this action dismissed.

## II. Free Exercise/Equal Protection Claims
## against Defendants Wigelsworth and Evans

Eugene Wigelsworth is employed by the Mississippi Department of Corrections (MDOC) as the Director of Religious and Volunteer Programs. Plaintiff's allegations against Wigelsworth concern Plaintiff's profession and practice of the religion of Voodoo. According to Plaintiff, Wigelsworth violated his rights by informing the chaplain at EMCF, John Newbaker, that Plaintiff's religion of preference could not be listed as Voodoo in his prison file.

In support of his motion, Defendant Wigelsworth has submitted an affidavit. The portion of the affidavit based upon Wigelsworth's personal knowledge is as follows.[2] In January of 2013, Wigelsworth received a phone call and an email from Newbaker expressing concerns regarding a Voodoo book received by Plaintiff. Wigelsworth responded that he was unfamiliar with the religion of Voodoo. Wigelsworth never received a copy of Plaintiff's ARP grievance concerning his practice of his religion. However, once notified of the present lawsuit, Wigelsworth performed some research regarding Voodoo and sent a memo to Newbaker with recommended steps for assisting and possibly accommodating Plaintiff. As a result, Plaintiff was ultimately provided with materials he requested, including oils and holy water, for the practice of his religion. Wigelsworth also states that he never took any action to prevent Plaintiff from identifying Voodoo as his

---

[2]Some of the material in the affidavit, for example, the portion dealing with security concerns over Voodoo materials, does not appear to be based upon the affiant's personal knowledge and for this reason has not been considered.

2

religious affiliation. Furthermore, once he became aware of Plaintiff's concerns, Wigelsworth directed that Plaintiff be allowed to complete a Chaplaincy Information Form upon which he could identify his chosen religious affiliation.

The district court concluded that Plaintiff's allegation that Wigelsworth denied him the right to designate Voodoo as his religion of preference, broadly construed, could state a claim for violation of his right to profess his religion. But Plaintiff has come forward with no evidence that Wigelsworth was the person responsible for MDOC's initial refusal to allow him to designate Voodoo as his preferred faith, and in his affidavit Wigelsworth denies any such responsibility. The undersigned concludes that Plaintiff has failed to raise a genuine factual issue as to this claim and that Wigelsworth is entitled to summary judgment.

Plaintiff's claims against Evans are unclear. Evans is employed by MDOC as the Contract Monitor at EMCF. In his complaint, he alleged that Evans instructed the mail room staff to reject his Voodoo books. But when questioned at the *Spears* hearing as to why he was suing Evans, Plaintiff stated only that he sent written complaints to her "of what was going on" and that she responded in a sarcastic manner. Plaintiff's allegations as to Evans's responses to his complaints fail to raise a constitutional issue. As to Plaintiff's religious materials, Evans states in her affidavit in support of her motion that she never instructed anyone to refuse any books that were mailed to Plaintiff and that she has no such authority. Thus, there is no factual issue as to Evans's involvement, and the undersigned recommends that the claim against her be dismissed.

### III. **Claims Arising out of Use of Allegedly Excessive Force**

Defendants Shaw, Rice, and Buscher are wardens at EMCF. Plaintiff's claims against them arise out of an incident on September 19, 2012. According to Plaintiff, on that date he missed the regular shower call because he was meeting with the legal assistant. When he returned to his zone, officers were passing out meal trays. Plaintiff was told by the officers that he would be escorted to the showers after lunch. However, once lunch was completed, the officers left without escorting Plaintiff to the shower. When they returned, they began securing the tray flaps. In order to protest the officers' failure to provide him with a shower, Plaintiff placed his hand through the tray slot in the cell door. An officer ordered him to remove his hand, but Plaintiff refused. The officer then threatened to use force if he did not move his hand out of the slot, but Plaintiff still refused. One of the officers, Officer Grace, then shot Plaintiff over thirty times in the hand with a pepper ball launcher, and Officer Frank Young struck Plaintiff's hand multiple times with a metal bar. Plaintiff contends that the force used was excessive and that Defendants Shaw, Rice, and Buscher should be held liable because they knew of a pattern of similar uses of excessive force in the housing unit but failed to take any action to stop it.

Government officials may not be held liable for the unconstitutional conduct of their subordinates under a "supervisory liability" or *respondeat superior* theory. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1948 (2009) (citing *Monnell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978)). Rather, in order to hold a government official liable, a plaintiff must establish that the defendant, through his own actions, violated the plaintiff's constitutional rights. *Id.*

Where the underlying wrong was committed by a subordinate, a plaintiff may establish the supervisor's participation in the constitutional violation by showing that the supervisor acted with deliberate indifference in failing to train subordinates, implementing an unconstitutional policy, failing to promulgate a policy, or otherwise acting or failing to act in a way that causally results in the constitutional violation. *Porter v. Epps*, 659 F.3d 440, 446 (5th Cir. 2011); *see also Hinojosa v. Livingston*, 807 F.3d 657, 668 (5th Cir. 2015). Deliberate indifference is a "stringent standard of fault, requiring proof that the [supervisor] disregarded a known or obvious consequence of his action." *Porter*, 659 at 446-47 (quoting *Connick v. Thompson*, 131 S.Ct. 1350, 1460 (2011)). In other words, it must be "obvious that the likely consequences" of the action or failure to act will be the deprivation of constitutional rights. *Evans v. City of Marlin*, 986 F.2d 104, 108 (5th Cir. 1993). Ordinarily satisfaction of this standard requires a showing of a pattern of similar constitutional violations. *Porter*, 659 F.3d at 447.

While Plaintiff has made general allegations of other incidents of excessive force, he has failed to come forward with any evidence, or even allegations, of specific incidents. Neither has he submitted any other evidence tending to show that these defendants knew or should have known of the risk that such an incident would occur. Therefore, the undersigned concludes that Defendants Shaw, Rice and Buscher are entitled to judgment in their favor as a matter of law.

### IV.  Conclusion

There being no genuine factual issue as to any claim, the undersigned recommends that the motions be granted and that all claims against Evans, Wigelsworth,

Shaw, Rice, and Buscher be dismissed with prejudice. Furthermore, because the other defendants have never been served with process, the undersigned recommends that this entire action be dismissed and a final judgment entered.

The parties are hereby notified that failure to file written objections to the findings and recommendations contained in this report within fourteen (14) days from being served with a copy of this report will bar an aggrieved party, except upon grounds of plain error, from attacking on appeal proposed factual findings and legal conclusions accepted by the district court. 28 U.S.C. § 636; *Douglass v. United Service Automobile Ass'n*, 79 F.3d 1415 (5th Cir. 1996).

Respectfully submitted, this the 20th day of April, 2016.

/s/ F. Keith Ball  
UNITED STATES MAGISTRATE JUDGE